**PRICE LAW GROUP, APC**
David A. Chami, AZ #027585
1204 E Baseline Rd., Suite 102
Tempe, AZ 85283
P: 866-881-2133
Fax: 866-401-1457
david@pricelawgroup.com
*Attorney for Plaintiff RaeAnn Patton*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RAEANN PATTON,<br><br>        Plaintiffs,<br><br>vs.<br><br>STERLING JEWELERS, INC; <s>SPRINGLEAF FINANCE, INC</s>; SPRINGLEAF FINANCIAL SERVICES, INC.; and EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>        Defendants. | Case No.: 2:16-cv-02983-JJT<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. THE FAIR CREDIT REPORTING ACT [15 USC § 1681 et. seq.]; |

### **INTRODUCTION**

1. RaeAnn Patton ("Plaintiff") brings this action to secure redress from Sterling Jewelers, Inc. (aka "Kay Jewelers"), <s>Springleaf Finance, Inc</s>. Springleaf Financial Services, Inc. ("Springleaf"), Experian Information Solutions Inc. ("Experian") (herein collectively as "Defendants") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., and their agents for their illegal reporting on Plaintiffs' credit report.

COMPLAINT                                                            1

## PARTIES

2. Plaintiff RaeAnn Patton (hereinafter "Plaintiff") is a consumer, a natural person, allegedly obligated to pay a debt, and a citizen of the United States of America who presently resides in Maricopa County, Arizona.

3. Defendant, Kay Jewelers, engages in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b).  Kay Jeweler's principle place of business is located in Indiana. Kay Jewelers regularly transacts business throughout the United States including Arizona. Defendant Kay Jewelers can be served through its registered agent at 3800 N. Central Ave., Suite 460, Phoenix, Arizona 85012.

4. Defendant, Springleaf, engages in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b).  Springleaf's principle place of business is located in ~~Ohio~~ <u>Evansville, IN</u>. Springleaf regularly transacts business throughout the United States including Arizona. Defendant Springleaf can be served through its registered agent at 3800 N. Central Ave., Suite 460, Phoenix, Arizona 85012.

COMPLAINT                                                 2

5. Defendant, Experian is a *credit reporting agency*, as defined in 15 USC 1681a(f). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Experian can be served through its registered agent CT Corporation System located at 3800 N Central Ave., Suite 460, Phoenix Arizona 85012.

6. On information and belief, Defendant Experian disburses the *consumer reports* to third parties under contract for monetary compensation.

7. At all relevant times, Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

8. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. 1681.

9. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendants transact business here, personal jurisdiction is established.

# **FACTUAL ALLEGATIONS**

10. On November 14, 2013, Plaintiff filed Chapter 7 Bankruptcy in the Phoenix District of Arizona: Case number 2:13-bk-19839.

11. On March 27, 2014, Plaintiff received a discharge of her Chapter 7 Bankruptcy.

12. The Bankruptcy resulted in no payments made to unsecured creditors and a complete discharge of all unsecured debts (*see attached Exhibit A*, discharge of debtor).

13. Defendants Kay Jewelers and Springleaf are creditors who were listed in Plaintiffs Bankruptcy Schedule *(see attached Exhibit B*, Creditor Matrix).

14. On April 20, 2015 Plaintiff obtained her three-bureau consumer credit report and discovered that many of the accounts that were actually included in her 2014 bankruptcy were inaccurately reporting to her credit reports.

15. On or about April 28, 2015, Plaintiff submitted a dispute to the three national credit reporting agencies, including Defendant Experian, relating to eight accounts, including Kay Jewelers and Springleaf which were reporting the erroneous account status of "charged off" rather than "included in bankruptcy." The status of "charged off" is interpreted by lenders to mean that the debt is still owed and collectible by the data furnisher. At that time

COMPLAINT                                                          4

Kay Jewelers was reporting inaccurately as "charged off" to all three credit reporting agencies. Springleaf was reporting inaccurately as "charged off" to TransUnion and Equifax, but reporting accurately as "included in bankruptcy" to Experian; thus Plaintiff did not include a dispute to Experian regarding the Springleaf account.

16. Plaintiff explained that the Kay Jewelers and Springleaf accounts were debts that were discharged in her bankruptcy and that the "charged off" status should be removed.

17. In response to Plaintiffs dispute, on or about May 7, 2015, Experian provided Plaintiff with a letter that it received a suspicious request. Experian stated that it would not be initiating a reinvestigation based on the suspicious correspondence and that it would apply this same policy to any future suspicious requests it received.

18. Plaintiff called the phone number provided in Experian's letter on or about May 18, 2015, and explained to Experian that she in fact did send the dispute request to Experian, and further requested that it initiate a reinvestigation.

19. On or about May 28, 2015, Plaintiff submitted disputes directly to Kay Jewelers and Springleaf relating to the erroneous reporting of those accounts to her credit reports.

COMPLAINT                                                5

20. Plaintiff explained that the Kay Jewelers and Springleaf accounts were debts that were discharged in her bankruptcy and requested the "charged off" status be removed.

21. On or about May 28, 2015, Plaintiff also sent a letter to Experian requesting again that it initiate a reinvestigation and correct the errors on her report.

22. Experian responded to Plaintiff on or about June 1, 2015, providing a credit report that stated the reporting was accurate and showed no changes were made by Experian to correct the errors Plaintiff had identified on the Kay Jewelers and Springleaf accounts.

23. On or about June 23, 2015, Plaintiff received a letter from Springleaf stating that it agreed their reporting "was indeed reporting inaccurately" and that Springleaf had submitted requests to the three national credit reporting agencies to "adjust the reporting of [her] account accordingly."

24. Plaintiff submitted a letter to Kay Jewelers on or about June 29, 2015, stating that she still had not received a reply from Kay Jewelers in response to her May 28, 2015 dispute request.

25. On or about June 29, 2016, Plaintiff submitted a letter to Experian requesting Experian provide details about the method it used to verify that the reporting of the Kay Jewelers account was accurate.

26. Plaintiff submitted a letter to Experian on or about July 29, 2015, stating that she never received a reply from Kay Jewelers in response to her May 28, 2015 dispute request and June 29, 2015 follow-up. Plaintiff requested again that Experian provide proof of how it came to verify its reporting was accurate and why it refused to make her requested corrections.

27. On or about October 2, 2015, Plaintiff obtained her updated credit report and discovered that Experian was now, for the first time, reporting the Springleaf account inaccurately as "charged off". As before, Equifax and TransUnion were still inaccurately reporting the Springleaf account. Equifax and TransUnion corrected their reporting of the Kay Jewelers account.

28. Plaintiff submitted a dispute to Experian on or about March 29, 2016 through certified mail requesting Experian correct its reporting of the Kay Jewelers and Springleaf accounts.

29. On or about April 4, 2016, Plaintiff received a letter from TransUnion correcting all erroneous information which it had been reporting for both the Kay Jewelers and Springleaf accounts.

30. On or about April 6, 2016, Plaintiff received a letter from Equifax correcting all erroneous information which it had been reporting for both the Kay Jewelers and Springleaf accounts.

COMPLAINT                                           7

31. On or about April 21, 2016, Plaintiff received a new credit report from Experian which made no changes to the inaccurate reporting of the Springleaf account. Experian had made changes to the Kay Jewelers account, adding new derogatory information to the payment history in April 2016, when the account was actually closed as part of Plaintiff's bankruptcy in November 2013. This additional derogatory payment information further harmed Plaintiff's credit report and credit scores.

32. Upon information and belief, Defendants failed to conduct any meaningful investigation of Plaintiffs' disputes.

33. As a result of Defendants' failure to adequately investigate Plaintiffs' disputes, Plaintiff has suffered extreme emotional distress and mental anguish.

34. The Defendants' failure to accurately report the Kay Jewelers and Springleaf accounts caused Plaintiff extreme emotional distress and mental anguish.

### FIRST CAUSE OF ACTION
**Defendants Kay Jewelers and Springleaf**
**Violations of the FCRA, 15 U.S.C. § 1681 *et. seq.***

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The FCRA requires a furnisher such as Kay Jewelers and Springleaf, after receiving notice from a credit reporting agency that a consumer disputes

information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

37. Kay Jewelers and Springleaf have provided inaccurate information to the credit reporting agencies.

38. Plaintiff repeatedly notified Experian, TransUnion and Equifax that her credit report concerning Defendants Kay Jewelers and Springleaf was inaccurate. Plaintiff further notified Kay Jewelers and Springleaf directly of their reporting inaccuracies. Thereafter, the credit reporting agencies notified Defendants Kay Jewelers and Springleaf that Plaintiff was disputing the information it had furnished to the credit reporting agencies.

39. Defendants Kay Jewelers and Springleaf violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(a), (b):

   (a) Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiffs disputed;

COMPLAINT                                       9

    (b) Willfully and negligently failing to review all relevant information concerning Plaintiffs mortgage;

    (c) Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

    (d) Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    (e) Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiffs;

    (f) Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning both Plaintiffs to the credit reporting agencies; and

    (g) Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(a), (b).

40. Defendants Kay Jewelers's and Springleaf's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a

COMPLAINT                                      10

result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

## THIRD CAUSE OF ACTION

### Defendant Experian
### Violations of the FCRA, 15 U.S.C. § 1681 *et. seq.*

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a *consumer reporting agency* is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

43. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the

dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A).  In conducting its reinvestigation of disputed information in a consumer report, the credit-reporting agency is required to "review and consider all relevant information submitted by the consumer."

44. The Defendant, a credit-reporting agency, failed to conduct a reasonable reinvestigation of the inaccuracy that the Plaintiff disputed.

45. The Defendant, a credit-reporting agency, failed to review and consider all relevant information submitted by the Plaintiff.

46. The Defendant, a credit reporting agency, failed to employ and follow reasonable procedures to assure maximum possible accuracy of the Plaintiffs credit report, information, and file, in violation of 15 U.S.C. § 1681e(b).

47. As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff has sustained damages.

48. The Defendant's violations of the FCRA was willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

  A. Actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o and 1692k(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(2)(a);

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o and 1692k(3);

D. Any pre-judgment and post judgment interest as may be allowed under the law; and

E. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

DATED this 9th day of September, 2016,

**PRICE LAW GROUP, APC**

By: */s/David A. Chami*

David A. Chami
*Attorney for Plaintiff RaeAnn Patton*